UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUBLINER, INC., <br><br> Plaintiff, <br><br> v. <br><br> EAST COAST TAVERN GROUP, INC., INISHOWEN INC, ORAN MCGONAGLE, WILLIAM MCCARTHY, and AIDAN MCGEE, <br><br> Defendants. | Case No. 23-cv-10567 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Dubliner, Inc. ("Plaintiff"), for its Complaint against Defendants East Coast Tavern Group, Inc., Inishowen Inc, Oran McGonagle, William McCarthy, and Aidan McGee (collectively, "Defendants"), alleges and states as follows:

## NATURE OF THE CASE

1. For nearly fifty years, Plaintiff, itself, and its predecessors-in-interest have used multiple DUBLINER marks in commerce within the United States in connection with restaurant and bar services, branded alcoholic beverages, gift cards, organizing and providing live music as well as additional ancillary goods and services. Through extensive use and promotion of its DUBLINER marks in connection with a wide variety of goods and services, Plaintiff's DUBLINER marks have become widely recognized and well-known within the United States.

2. Under the name THE DUBLINER, Defendants currently own and operate a recently-opened restaurant and bar in Boston, Massachusetts at which Defendants offer services

and goods that are identical, highly related, complementary, or similar to those goods and services Plaintiff offers under its DUBLINER marks.

3. As further detailed below, Defendants' use of THE DUBLINER is without Plaintiff's authorization and in willful disregard of Plaintiff's prior common law and federally-registered DUBLINER marks. Defendants' conduct constitutes unfair competition and infringement of Plaintiff's trademark rights in its DUBLINER marks. This improper conduct is knowing, intentional, and designed to trade on the reputation that Plaintiff has developed through years of successful promotion and sales of its goods and services under its DUBLINER marks.

4. Defendants, therefore, have created circumstances whereby members of the trade and public are likely to incorrectly believe that both Defendants and THE DUBLINER establishment they operate are authorized by, sponsored by, or affiliated or connected with Plaintiff and its well-known DUBLINER marks, goods, and services.

5. Plaintiff has been, and is likely to continue to be, injured by Defendants' misconduct, and will suffer irreparable harm unless and until Defendants are enjoined from using the infringing THE DUBLINER mark in connection with Defendants' goods and services in the United States.

6. Accordingly, Plaintiff brings this action to protect one of its most valuable assets—namely, the goodwill and consumer recognition associated with its well-known DUBLINER marks.

## **THE PARTIES**

7. Dubliner, Inc. is a District of Columbia corporation with its principal place of business at 4 F Street, N.W., Washington, District of Columbia 20001.

8. East Coast Tavern Group, Inc. is a Massachusetts corporation with its principal place of business at 6 Beacon Street, Boston, Massachusetts 02108.

9. Inishowen Inc is a Massachusetts corporation with its principal place of business at 6 Beacon Street, Suite 205, Boston, Massachusetts 02108.

10. Oran McGonagle is an individual with a place of business at 2 Center Plaza, Boston, Massachusetts 02108, and upon and information and belief, is the Treasurer and a Director of Defendant Inishowen Inc and directs Defendants' use of Defendants' Marks (as defined below).

11. William McCarthy is an individual with a place of business at 2 Center Plaza, Boston, Massachusetts 02108, and upon information and belief, is the President and Director of Defendant Inishowen Inc; is the President, Treasurer, and Director of Defendant East Coast Tavern Group, Inc; and directs Defendants' use of Defendants' Marks (as defined below).

12. Aidan McGee is an individual with a place of business at 2 Center Plaza, Boston, Massachusetts 02108, and upon information and belief, is a co-owner of Defendant Inishowen Inc and directs Defendants' use of Defendants' Marks (as defined below).

13. Defendants, through their agents, representatives, or affiliates, have done, and are doing, business in the District of Massachusetts, and have engaged in acts and/or omissions within this district, causing injury to Plaintiff.

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a)-(b), and 1367.

15. This Court has subject matter jurisdiction over Counts I and II of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these counts present a Federal question under the following provisions of the United States Code:

    a. Count I (Trademark Infringement) - 15 U.S.C. § 1114; and

    b. Counts II and VI (Federal False Designation of Origin and Federal Unfair Competition) - 15 U.S.C. § 1125(a).

16. This Court has supplemental jurisdiction over Plaintiff's state law claims, Counts III and IV pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

17. This Court has personal jurisdiction over Defendants as they are, and have been, conducting continuous and systematic business by promoting and selling goods and services within the State of Massachusetts and within the boundaries of the District of Massachusetts. Defendants have also caused harm and committed unlawful acts hereinafter complained of in this judicial district, and Plaintiff has suffered harm in this judicial district as a result of Defendants' conduct.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS

### *Plaintiff's DUBLINER Marks*

19. Nearly half a century ago, Plaintiff adopted the trademark DUBLINER in connection with restaurant and bar services and related and ancillary goods and services. Since 1974, Plaintiff has been continuously using the DUBLINER mark and variations of the mark (collectively, the "DUBLINER Marks") to identify Plaintiff's restaurant and bar services, branded alcoholic beverages, including beers and whiskeys, and other related goods and services (collectively, "Plaintiff's Goods and Services").

20. Plaintiff's branded alcoholic beverages include beers and THE DUBLINER Irish Whiskey which is produced by Plaintiff's licensee, an Irish distillery, and marketed and sold throughout the United States, including in Massachusetts and, more specifically, the City of

Boston.

21. Plaintiff also promotes its goods and services by selling Gift Cards bearing its DUBLINER Marks.

22. Plaintiff has invested extensive resources developing, advertising, promoting, and marketing Plaintiff's Goods and Services under its DUBLINER Marks in United States commerce and establishing these goods and services in the minds of consumers as high quality goods and services offered by Plaintiff. As a result, and in addition to its registered rights described below, Plaintiff enjoys extremely strong common law trademark rights in the DUBLINER Marks, embodying invaluable goodwill.

23. Plaintiff prominently uses the DUBLINER Marks in advertising and promotional materials for Plaintiff's Goods and Services, including but not limited to print advertisements, brochures, and the Internet.

24. Plaintiff advertises and sells its Goods and Services under the DUBLINER Marks throughout the United States, including in this judicial district, via the Internet, including its website and various websites marketing and selling THE DUBLINER Irish Whiskey.

25. Plaintiff also heavily markets its Goods and Services under the DUBLINER Marks on social media platforms

26. Plaintiff's DUBLINER Marks are inherently distinctive, and have become favorably known among consumers as used in connection with Plaintiff's Goods and Services. Consequently, the DUBLINER Marks have become an invaluable symbol of the source of the goods and services Plaintiff offers under the DUBLINER Marks, of the high quality of those goods and services, and of consumer goodwill associated with the Marks.

27. In addition to Plaintiff's extensive common law trademark rights, Plaintiff owns the following long-standing federal trademark registrations for the DUBLINER Marks (collectively, the "Registered DUBLINER Marks;" common law trademark and registered marks collectively referred to hereafter as "DUBLINER Marks"):

| Mark | Registration No. & Date | Date of First Use | Goods |
|---|---|---|---|
| the Dubliner an irish pub | 1,179,613 11/24/1981 | 1/31/1975 | Class 42: restaurant and bar services |
| DUBLINER | 2,724,229 6/10/2003 | 12/31/1975 12/31/1991 3/8/1974 | Class 25: Apparel, namely, t-shirts, sweatshirts, jackets, and hats  Class 32: Beer and ale  Class 43: restaurant and bar services |
| THE DUBLINER | 5,045,911 9/20/2016 | 12/31/2015 | Class 33: Distilled spirits; liqueurs; spirits; whiskey |
| AULD DUBLINER | 5,207,267 3/23/2017 | 12/31/2009 | Class 32: ale; beer |

28. These registrations are valid, subsisting, and in full force and effect. True and correct copies of documents retrieved from the United States Patent and Trademark Office's ("USPTO") online Trademark Status & Document Retrieval database ("TSDR") evidencing the current status and Plaintiff's ownership of the Registered DUBLINER Marks are attached hereto as **Exhibit A.**

29. Notably, United States Trademark Registration Nos. 1,179,613, 2,724,229, and 5,045,911 for Plaintiff's Registered DUBLINER Marks have achieved incontestable status pursuant to 15 U.S.C. § 1065. Accordingly, these registrations provide conclusive evidence of the

validity of the registered trademarks, Plaintiff's ownership of the registered trademarks, and Plaintiff's exclusive right to use the registered trademarks in connection with the goods specified in the certificates of registration for the marks. 15 U.S.C. § 1115(b).

30. Plaintiff is entitled to a presumption of nationwide exclusive trademark rights to use the DUBLINER Marks dating back over forty years, to November 24, 1981—that is, the registration date of United States Trademark Registration No. 1179613. 15 U.S.C. §§ 1057(b) and 1072.

### *Defendants' Infringing Acts*

31. In 2022—long after Plaintiff began using and registering its DUBLINER Marks—Defendants adopted the mark THE DUBLINER and variations of the mark (collectively, "Defendants' Marks") as the name of a restaurant and bar Defendants opened and now operate in Boston, Massachusetts at which Defendants offer goods and services that are identical, nearly identical, and/or closely related to Plaintiff's Goods and Services that Plaintiff markets and sells under its DUBLINER Marks.

32. Defendants market and sell their goods and services under Defendants' Marks in trade channels that are the same as Plaintiff's, or that are highly similar thereto, and to consumers that are identical to or that overlap with Plaintiff's consumers. For example, Defendants' use the mark THE DUBLINER in connection with restaurant and bar services, for beer and whiskey offerings, for gift cards, for organizing and providing live music, and for the same ancillary goods and services as Plaintiff. *See* examples of Plaintiff's uses of the DUBLINER Marks attached hereto as **Exhibit B** and examples of Defendants' uses of Defendants' Marks attached hereto as **Exhibit C**.

33. Based upon investigation and information and belief, Defendants Oran

7

McGonagle, William McCarthy, and Aidan McGee each use Defendants' Marks individually to promote Defendants' restaurant and bar, and direct co-Defendants East Coast Tavern Group, Inc. and Inishowen Inc.'s use of Defendants' Marks.

34. On October 6, 2022, promptly upon learning of Defendants' use of Defendants' Marks, Plaintiff sent Defendants a cease and desist letter notifying them of Plaintiff's prior rights in the DUBLINER Marks and demanding Defendants' cease their use of Defendants' Marks. A copy of this letter is attached hereto as **Exhibit D**.

35. Despite receiving explicit notice of Plaintiff's concerns, objections, and its prior rights in its DUBLINER Marks, Defendants refused to cease their use of Defendants' Marks.

36. Pursuant to 15 U.S.C. § 1072, Defendants had constructive knowledge of Plaintiff's federally registered DUBLINER marks prior to Defendants' unauthorized use of Defendants' Marks, which is confusingly similar to Plaintiff's DUBLINER marks.

37. In addition, Defendants have actual knowledge of Plaintiff's trademark rights and Defendants' continued use of Defendants' Marks is with a knowing and deliberate intent to capitalize on the reputation and goodwill of Plaintiff and its DUBLINER Marks, to confuse and deceive consumers, and to unfairly compete with Plaintiff.

38. Defendants' knowledge of Plaintiff's prior use and their disregard of Plaintiff's intellectual property rights demonstrates Defendants' bad faith and intentional misconduct.

39. Plaintiff has never authorized, licensed, or otherwise endorsed Defendants' use of Defendants' Marks or any variation thereof.

40. Defendants' unauthorized use of Defendants' Marks in connection with the marketing and sale Defendants' goods and services in interstate commerce, including in this Judicial District, has caused, and is likely to cause, confusion, mistake, and deception among the

relevant purchasing public. Consumers and the trade will likely believe that Defendants' goods and services are associated with, or connected with, or approved or authorized by Plaintiff, or that Defendants' goods and services originate from the same source as Plaintiff's Goods and Services, when that is not the case.

41. Any confusion caused by Defendants' use of Defendants' Marks on or in connection with Defendants' goods and services would result in injury and have a direct impact on Plaintiff's reputation and its ability to market its own goods and services under the DUBLINER Marks.

42. In addition, any defect, objection, or fault found with the goods and services Defendants offer under Defendants' Marks would negatively impact and seriously injure the reputation and goodwill Plaintiff has established for itself through its extensive use and promotion of the DUBLINER Marks.

43. All of the foregoing acts of Defendants have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage for which Plaintiff has no adequate remedy at law. Defendants have knowingly and willfully used and will continue to use Defendants' Marks in connection with the advertisement, distribution, offering for sale, and sale of Defendants' goods and services under the Mark with an intent to capitalize on the reputation and goodwill of Plaintiff and its DUBLINER Marks, to confuse and deceive consumers, and to unfairly compete with Plaintiff.

## COUNT I

**INFRINGEMENT OF PLAINTIFF'S FEDERALLY REGISTERED DUBLINER MARKS
15 U.S.C. § 1114**

44. Plaintiff repeats the allegations in Paragraphs 1 through 43 of this Complaint as

though fully set forth herein.

45. As described above, Plaintiff is the owner of federal trademark registration Nos. 1,179,613, 2,724,229, 5,045,911, and 5,207,267 for the DUBLINER Marks.

46. Plaintiff's ownership and use in commerce of the DUBLINER Marks predate the use by Defendants of Defendants' Marks. Plaintiff's registrations of the DUBLINER Marks also predate the use by Defendants of Defendants' Marks.

47. Defendants, without the consent or authorization of Plaintiff, have used and are using in interstate commerce Defendants' Marks, which are identical and confusingly similar to Plaintiff's DUBLINER Marks, in connection with goods and services that are identical and highly related to Plaintiff's Goods and Services.

48. Defendants' use of Defendants' Marks, including THE DUBLINER, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and of Defendants' goods and services, with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services.

49. The goodwill of Plaintiff's Registered DUBLINER Marks is of significant value, and Plaintiff is suffering, and will continue to suffer, irreparable harm should Defendants continue their unauthorized offering of their goods and services under Defendants' Marks.

50. The acts of Defendants in their unauthorized use of Defendants' Marks in connection with Defendants' goods and services are intended to, and will, divert to Defendants the benefit of the reputation and goodwill symbolized by Plaintiff's Registered DUBLINER Marks, all of which belong exclusively to Plaintiff.

51. Defendants' acts constitute infringement of Plaintiff's Registered DUBLINER Marks under 15 U.S.C. § 1114(1).

52. Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Plaintiff's rights.

53. As a result of Defendants' acts of trademark infringement, Plaintiff is suffering irreparable harm.

54. Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of trademark infringement and will continue to confuse the public and cause irreparable harm to Plaintiff.

55. Plaintiff is entitled to a permanent injunction against Defendants, as well as an award of any and all damages, costs, and/or attorney fees permitted under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT II

### FEDERAL FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION RELATING TO PLAINTIFF'S DUBLINER MARKS
### 15 U.S.C. § 1125(a)

56. Plaintiff repeats the allegations in Paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. As described above, three of the DUBLINER Marks have achieved incontestable status and all are distinctive and have acquired meaning among consumers, who associate the DUBLINER Marks with Plaintiff.

58. By making unauthorized use in interstate commerce of Defendants' Marks, including THE DUBLINER, which are identical and confusingly similar to Plaintiff's DUBLINER Marks, Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and Defendants' goods and services with Plaintiff and/or as to the origin, sponsorship or approval of Defendants' goods and services.

59. Defendants' acts constitute false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

60. Given the distinctiveness of the Plaintiff's DUBLINER Marks and Plaintiff's communications with Defendants, Defendants' conduct, as alleged herein, is intended to free-ride off of the goodwill associated with the DUBLINER Marks and constitutes intentional and willful infringement of Plaintiff's prior rights in the DUBLINER Marks.

61. Upon information and belief, Defendants' wrongful conduct will allow them to realize substantial revenues, profits, and other benefits rightfully belonging to Plaintiff,

62. As a result of Defendants' acts of false designation of origin, Plaintiff is suffering irreparable harm.

## COUNT III

### MASSACHUSETTS COMMON LAW TRADEMARK INFRINGEMENT

63. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 61 above as if fully set forth here.

64. As described above, Plaintiff is the owner of Plaintiff is the owner of federal trademark registration Nos. 1,179,613, 2,724,229, 5,045,911; and 5,207,267 for the DUBLINER Marks. Plaintiff has adopted and used in commerce the DUBLINER Marks for and in connection with Plaintiff's restaurant and bar services, branded alcoholic beverages, including beers and whiskeys, and other related goods and services.

65. Plaintiff's ownership and use in commerce of the DUBLINER Marks has been continuous and predates the use by Defendants of their confusingly similar marks.

66. Prior to Defendants' alleged herein, Plaintiff has sold products designated by the DUBLINER Marks in the Commonwealth of Massachusetts.

67. Given the distinctiveness of the DUBLINER Marks and Plaintiff's communications with Defendants, Defendants' conduct is willful and intentional and intended to free-ride off of the goodwill associated with the DUBLINER Marks.

68. Defendants' use of Defendants' Marks, which are confusingly similar, constitutes common law trademark infringement in that it is without Plaintiff's consent and creates a likelihood of confusion.

69. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has been injured and will continue to be injured.

70. Upon information and belief, Defendants have realized, and continue to realize, substantial revenues, profits, and other benefits rightfully belonging to Plaintiff as a result of Defendants' wrongful conduct.

71. Defendants' conduct is causing and will continue to cause Plaintiff irreparably harm and, unless Defendants are restrained, Plaintiff will continue to be so harmed, because it has no adequate remedy at law.

## COUNT IV

## UNFAIR COMPETITION UNDER MASS. GEN. LAWS C. 93A

72. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 71 above as if fully set forth here.

73. Defendants' acts alleged above constitute infringement, misappropriation, and misuse of Plaintiff's DUBLINER Marks and unfair competition, all in violation of Plaintiff's rights at common law and under Chapter 93A, §§ 1 and 11.

74. For example, by making and selling in commerce goods and services under Defendants' Marks, including THE DUBLNER, Defendants are creating a likelihood of confusion,

mistake, or deception as to the source, origin, or sponsorship of their goods and services. Defendants' use of Defendants' Marks in connection with Defendants' goods and services is likely to induce consumers to believe mistakenly that Defendants' goods and services are affiliated, sponsored, sold, approved by, or connected with Plaintiff when that is not the case.

75. Plaintiff and Defendants are in the conduct of trade or commerce within the meaning of Mass. Gen. Laws c. 93A.

76. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of business, trade, or commerce occurring primarily and substantially in the Commonwealth of Massachusetts in violation of Mass. Gen. Laws c. 93A.

77. Defendants' unfair and deceptive acts constitute knowing and/or willful violations of Mass. Gen. Laws. c. 93A.

78. Defendants' acts of unfair competition are causing Plaintiff to suffer irreparable harm, for which it has no adequate remedy at law.  Unless and until Defendants are enjoined, Defendants will continue to compete unfairly against and cause irreparable harm to Plaintiff.

79. As a direct and proximate result of the foregoing deceptive acts and practices of Defendants, Plaintiff is entitled to damages, treble damages, and recovery of its attorneys' fees and costs.

## JURY DEMAND

80. Plaintiff demands a trial by jury on all matters and issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter Judgment finding, concluding, and declaring:

A. That Defendants' use of Defendants' Marks on and in connection with Defendants'

goods and services constitutes trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark infringement under Massachusetts common law, and unfair competition under Mass. Gen. Laws c. 93A;

      B.      That Defendants and their owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, be permanently enjoined, pursuant to 15 U.S.C. §1116 and applicable state laws, from:

1. Using Defendants' Marks, including all formative variations, or any other names, marks or slogans likely to cause confusion, mistake, or deception with respect to Plaintiff's DUBLINER Marks;

2. Doing any other act or thing likely to induce the mistaken belief that Defendants or Defendants' goods or services are in any way affiliated, connected, or associated with Plaintiff or its goods and services, or doing any other act or thing likely to cause confusion with respect to Plaintiff's DUBLINER Marks;

3. Trading on the goodwill associated with Plaintiff's DUBLINER Marks and passing off their goods and services as those of Plaintiff;

4. Injuring Plaintiff's business reputation and the goodwill associated with Plaintiff's DUBLINER Marks and from otherwise unfairly competing with Plaintiff in any manner whatsoever.

      C.      That, pursuant to 15 U.S.C. § 1118, Defendants be ordered to deliver up for destruction all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of Defendants bearing and/or displaying Defendants' Marks or any confusingly similar marks;

      D.      That Defendants be ordered to recall from all customers, vendors, sales people, and authorized agents all materials, including but not limited to, product packaging, brochures, advertisements, promotions, and all other matter bearing Defendants' Marks;

      E.      That Defendants be ordered to notify all customers, vendors, sales people, and authorized agents of any Judgment in this action;

      F.      That, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with this Court and to serve on Plaintiff, within thirty (30) days after entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

      G.      That Defendants be directed to provide a complete accounting to Plaintiff for any and all profits realized from the sale of goods and services under Defendants' Marks from inception up through the date of the injunction;

      H.      That Plaintiff be awarded its actual compensatory damages, including but not limited to, Defendants' profits and Plaintiff's damages, in an amount to be determined at trial;

      I.      That Defendants be ordered to pay treble damages pursuant to 15 U.S.C. § 1117 for its knowing, intentional, and willful violations of federal law;

      J.      That Plaintiff be awarded all reasonable attorneys' fees, costs and disbursements incurred by Plaintiff as a result of this action, pursuant to 15 U.S.C. § 1117(a);

      K.      That Plaintiff be awarded all damages available under Massachusetts law, including Plaintiff's actual damages suffered as a result of Defendants' acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and M.G.L. c. 93A; and

      L.      That Plaintiff be awarded any such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | **DUBLINER, INC.** |
| Date: March 14, 2023 | /s/ Heather B. Repicky |
|  | Heather B. Repicky (BBO# 663347) |
|  | BARNES & THORNBURG LLP |
|  | One Marina Park Drive |
|  | Suite 1530 |
|  | Boston, MA 02210 |
|  | Telephone: (617) 316-5310 |
|  | Facsimile: (617) 316-5311 (fax) |
|  | Email: hrepicky@btlaw.com |
|  | *Attorneys for Dubliner Inc.* |