## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DUBLINER, INC., | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-10567-JGD |
| | ) |
| EAST COAST TAVERN GROUP, INC. and | ) **JURY TRIAL DEMMANDED** |
| INISHOWEN, INC., | ) |
| | ) |
| Defendants/Counterclaim-Plaintiffs. | ) |
| | ) |

### DEFENDANTS EAST COAST TAVERN GROUP, INC. AND INISHOWEN, INC.'S ANSWER TO PLAINTIFF DUBLINER, INC.'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant East Coast Tavern Group, Inc. ("ECTG") and Inishowen, Inc. ("Inishowen") (individually and collectively, "Defendants"), by and through counsel, hereby answers Plaintiff's First Amended Complaint ("FAC") as follows:[1]

The titles and headings in the FAC are vague and ambiguous and not susceptible of response.  To the extent that any of those headings are deemed to constitute allegations against Defendants that require a response, Defendants deny each and every allegation contained therein.

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the FAC. Defendants deny the implication, in Paragraph 1 of the FAC and otherwise in the FAC, that the Plaintiff's alleged DUBLINER Marks have become widely recognized and well-known within the Greater Boston area.

---

[1]      Because Defendants were never served with the Complaint and understand that it was superseded by the FAC, they are only answering the FAC (rather than the Complaint).

2.      Inishowen admits that it currently owns and operates an Irish-themed pub in Boston, Massachusetts called THE DUBLINER, which opened in 2022.  Defendants deny all remaining allegations in Paragraph 2 of the FAC.

3.      Defendants deny the allegations in Paragraph 3 of the FAC.

4.      Defendants deny the allegations in Paragraph 4 of the FAC.

5.      Defendants deny the allegations in Paragraph 5 of the FAC.

6.      Defendants admit the Plaintiff has brought an action against them.  Defendants deny all remaining allegations in Paragraph 6 of the FAC.

7.      Defendants admit Paragraph 7 of the FAC, upon information and belief.

8.      Defendants admit Paragraph 8 of the FAC.

9.      Defendants admit Paragraph 9 of the FAC.

10.     Paragraph 10 of the FAC contains legal conclusions for which no answer is required.  To the extent that the allegations in Paragraph 10 of the FAC require a response, Inishowen admits that it currently owns and operates an Irish-themed pub in Boston, Massachusetts called THE DUBLINER.  Defendants deny all remaining allegations in Paragraph 10 of the FAC.

11.     Paragraph 11 of the FAC contains legal conclusions for which no answer is required.

12.     Paragraph 12 of the FAC contains legal conclusions for which no answer is required.

13.     Paragraph 13 of the FAC contains legal conclusions for which no answer is required.

14.     Paragraph 14 of the FAC contains legal conclusions for which no answer is required.

15.     Paragraph 15 of the FAC contains legal conclusions for which no answer is required.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the FAC.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the FAC.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the FAC.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19 of the FAC.  Defendants deny the second sentence of Paragraph 19 of the FAC.  Defendants deny all remaining allegations of Paragraph 19 of the FAC.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the FAC.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the FAC.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the FAC.

23.     Defendants deny the allegations in Paragraph 23 of the FAC.

24.     Defendants deny the allegation in Paragraph 24 of the FAC that the Plaintiff has "extensive common law trademark rights" or "common law rights" in the alleged DUBLINER

marks.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all

remaining allegations in Paragraph 24 of the FAC.

25.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 25 of the FAC.  Defendants deny that "Exhibit A" or "[t]rue

and correct copies of documents retrieved from the United States Patent and Trademark Office's

("USPTO") online Trademark Status & Document Retrieval database ("TSDR") evidencing the

current status and Plaintiff's ownership of the Registered DUBLINER Marks" are attached to the

FAC.  To the extent the allegations in Paragraph 25 of the FAC characterize or otherwise refer to

the contents of a document, Defendants deny the allegations and state that the document speaks

for itself.  Defendants deny all remaining allegations of Paragraph 25 of the FAC.

26.     Paragraph 26 of the FAC contains legal conclusions for which no answer is

required.

27.     Paragraph 27 of the FAC contains legal conclusions for which no answer is

required.

28.     Inishowen admits that it currently owns and operates an Irish-themed pub in

Boston, Massachusetts called THE DUBLINER, which opened in 2022.  Defendants lack

knowledge or information sufficient to form a belief as to Plaintiff's "Goods and Services," what

Plaintiff "markets and sells under its DUBLINER Marks" (or otherwise), and when Plaintiff

"began using and registering its DUBLINER Marks."  Defendants deny all remaining allegations

in Paragraph 28 of the FAC.

29.     Inishowen admits that it currently owns and operates an Irish-themed pub in

Boston, Massachusetts called THE DUBLINER, which opened in 2022.   Defendants deny that

"Exhibit B," "examples of Plaintiff's uses of the DUBLINER Marks," "Exhibit C," and

"examples of Defendants' uses of Defendants' Marks" are attached to the FAC.  To the extent the allegations in Paragraph 29 of the FAC characterize or otherwise refer to the contents of a document, Defendants deny the allegations and state that the document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's "consumers" and Plaintiff's "goods and services."  Defendants deny all remaining allegations of Paragraph 29 of the FAC.

30.     Inishowen admits that Oran McGonagle, Will McCarthy, Aidan McGee and "The Dubliner" received a letter from the Plaintiff dated October 6, 2022.  Defendants deny that "Exhibit D" and "a copy of this letter" are attached to the FAC.  To the extent the allegations in Paragraph 30 of the FAC characterize or otherwise refer to the contents of a document, Defendants deny the allegations and state that the document speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's knowledge and actions. Defendants deny all remaining allegations of Paragraph 30 of the FAC.

31.     Inishowen admits that, subsequent to Oran McGonagle, Will McCarthy, Aidan McGee and "The Dubliner," receiving an October 6, 2022 letter from the Plaintiff, Inishowen continued to operate its Irish-themed pub in Boston, Massachusetts.  Defendants deny the implication, in Paragraph 31 and otherwise in the FAC, that Defendants infringed on the Plaintiff's alleged marks.  To the extent the allegations in Paragraph 31 of the FAC characterize or otherwise refer to the contents of a document, Defendants deny the allegations and state that the document speaks for itself.

32.     Paragraph 32 contains legal conclusions for which no answer is required.

33.     Defendants deny the allegations in Paragraph 33 of the FAC.

34.     Defendants deny the allegations in Paragraph 34 of the FAC.

35.     Defendants admit that they have never executed a license agreement with the

Plaintiff for the use of Plaintiff's alleged DUBLINER marks.  Defendants deny all remaining

allegations in Paragraph 35 of the FAC.

36.     Defendants deny the allegations in Paragraph 36 of the FAC.

37.     Defendants deny the allegations in Paragraph 37 of the FAC.

38.     Defendants deny the allegations in Paragraph 38 of the FAC.

39.     Defendants deny the allegations in Paragraph 39 of the FAC.

## COUNT I

**INFRINGEMENT OF PLAINTIFF'S FEDERALLY REGISTERED DUBLINER MARKS**
**15 U.S.C. § 1114**

40.     Defendants restate their above responses to the allegations in Paragraphs 1

through 39 of the FAC and incorporate them herein.

41.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 41 of the FAC.

42.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 42 of the FAC.

43.     Defendants deny the allegations in Paragraph 43 of the FAC.

44.     Defendants deny the allegations in Paragraph 44 of the FAC.

45.     Defendants deny the allegations in Paragraph 45 of the FAC.

46.     Defendants deny the allegations in Paragraph 46 of the FAC.

47.     Defendants deny the allegations in Paragraph 47 of the FAC.

48.     Defendants deny the allegations in Paragraph 48 of the FAC.

49.     Defendants deny the allegations in Paragraph 49 of the FAC.

50.     Defendants deny the allegations in Paragraph 50 of the FAC.

51.     Defendants deny the allegations in Paragraph 51 of the FAC.

## COUNT II

**FEDERAL FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR
COMPETITION RELATING TO PLAINTIFF'S DUBLINER MARKS
15 U.S.C. § 1125(a)**

52.     Defendants restate their above responses to the allegations in Paragraphs 1
through 51 of the FAC and incorporate them herein.

53.     Defendants deny the allegations in Paragraph 53 of the FAC.

54.     Defendants deny the allegations in Paragraph 54 of the FAC.

55.     Defendants deny the allegations in Paragraph 55 of the FAC.

56.     Defendants deny the allegations in Paragraph 56 of the FAC.

57.     Defendants deny the allegations in Paragraph 57 of the FAC.

58.     Defendants deny the allegations in Paragraph 58 of the FAC.

## COUNT III

**MASSACHUSETTS COMMON LAW TRADEMARK INFRINGEMENT**

59.     Defendants restate their above responses to the allegations in Paragraphs 1
through 58 of the FAC and incorporate them herein.

60.     Defendants lack knowledge or information sufficient to form a belief as to the
truth of the allegations contained in Paragraph 60 of the FAC.

61.     Defendants deny that their marks are "confusingly similar" to the DUBLINER
marks, but lack knowledge or information sufficient to form a belief as to the truth of all
remaining allegations contained in Paragraph 61 of the FAC.

62.     Defendants lack knowledge or information sufficient to form a belief as to the
truth of the allegations contained in Paragraph 62 of the FAC.

63.     Defendants deny the allegations in Paragraph 63 of the FAC.

64.     Defendants deny the allegations in Paragraph 64 of the FAC.

65.     Defendants deny the allegations in Paragraph 65 of the FAC.

66.     Defendants deny the allegations in Paragraph 66 of the FAC.

67.     Defendants deny the allegations in Paragraph 67 of the FAC.

### COUNT IV

### UNFAIR COMPETITION UNDER MASS. GEN. LAWS C. 93A

68.     Defendants restate their above responses to the allegations in Paragraphs 1 through 67 of the FAC and incorporate them herein.

69.     Defendants deny the allegations in Paragraph 69 of the FAC.

70.     Defendants deny the allegations in Paragraph 70 of the FAC.

71.     Paragraph 71 of the FAC contains legal conclusions for which no answer is required.

72.     Defendants deny the allegations in Paragraph 72 of the FAC.

73.     Defendants deny the allegations in Paragraph 73 of the FAC.

74.     Defendants deny the allegations in Paragraph 74 of the FAC.

75.     Defendants deny the allegations in Paragraph 75 of the FAC.

### COUNT IV [*sic*]

### COMMON LAW UNFAIR COMPETITION

76.     Defendants restate their above responses to the allegations in Paragraphs 1 through 75 of the FAC and incorporate them herein.

77.     Defendants deny the allegations in Paragraph 77 of the FAC.

78.     Defendants admit that they are engaged in the conduct or trade of commerce in the Commonwealth of Massachusetts, but lack knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained in Paragraph 78 of the FAC.

79.     Defendants deny the allegations in Paragraph 79 of the FAC.

80.     Defendants deny the allegations in Paragraph 80 of the FAC.

81.     Defendants deny the allegations in Paragraph 81 of the FAC.

82.     Defendants deny the allegations in Paragraph 82 of the FAC.

## RELIEF REQUESTED

Defendants deny that the Plaintiff is entitled to any or all of the relief requested in the "WHEREFORE" clause of the FAC.

## AFFIRMATIVE DEFENSES

Defendants, by counsel and subject to further investigation and discovery, and expressly reserving its rights to supplement its affirmative and other defenses, allege the following affirmative and other defenses, without altering the burden of proof:

### FIRST DEFENSE

The claim(s) in the FAC fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Defendants have not infringed any applicable trademark under federal or state law, willfully or otherwise.

### THIRD DEFENSE

The Plaintiff's claims are barred, in whole or in part, because there is no likelihood of confusion, including, but not limited to, because the asserted marks lack the strength or scope of protection necessary for confusion to be likely.

### FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the mark in U.S. Trademark No. 5,207,267 lacks distinctiveness and lacked distinctiveness at the time the Registration was

issued.

## FIFTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, abandonment, acquiescence, and/or estoppel.

## SIXTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, under the "Dawn Donut Rule," as explained in *Dawn Donut Co., Inc. v. Hart's Food Stores, Inc.*, 267 F.2d 358 (2d Cir. 1959) and its progeny.

## EIGHTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff is committing trademark misuse by exploiting the asserted trademarks in excess of the rights granted under trademark law for anticompetitive effect.

## NINTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff has suffered no damages or otherwise been harmed by any conduct of Defendants.

## TENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff has failed to satisfy and meet the applicable requirements to M.G.L. c. 93A.

## ELEVENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff failed to mitigate its damages.

## TWELFTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Defendants have at all relevant times engaged in all relevant activities in good faith.

## THIRTEENTH DEFENSE

The Plaintiff is not entitled to injunctive relief, preliminary or permanent, because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law, the balance of hardships does not warrant a remedy in equity, and the public interest would be disserved by an injunction.

## FOURTEENTH DEFENSE

The Plaintiff is not statutorily or otherwise entitled to an award of costs, expenses, attorneys' fees, or enhanced, punitive or treble damages.

## FIFTEENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because of fraud committed before the U.S. Patent and Trademark Office. The allegations in Counterclaims I-III, below, are incorporated by reference as if fully set forth herein.

## ADDITIONAL DEFENSES

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this case and hereby reserves their rights to amend this answer and assert such defenses.

## <u>COUNTERCLAIMS</u>

Defendants/Counterclaim-Plaintiffs East Coast Tavern Group, Inc. ("ECTG") and Inishowen, Inc. ("Inishowen") bring these Counterclaims against Plaintiff/Counterclaim-Defendant Dubliner, Inc. ("Dubliner DC") and allege as follows:

## PARTIES

1.      Counterclaim-Plaintiff East Coast Tavern Group, Inc. is a Massachusetts corporation, with its principal place of business at 6 Beacon St., Boston, MA 01208.

2.      Counterclaim-Plaintiff Inishowen, Inc. is a Massachusetts corporation, with its principal place of business at 6 Beacon St, Boston, MA 02108.

3.      Counterclaim-Defendant Dubliner, Inc. is, upon information and belief, a District of Columbia corporation with its principal place of business at 4 F St, N.W., Washington, DC 20001.

## JURISDICTION AND VENUE

4.      These counterclaims seek declaratory and other relief pursuant to Declaratory Judgment Act, 28 U.S.C.A. §§ 2201 to 2202, and the Lanham Act, Title 15 of the United States Code, §§ 1051 et seq.  This Court has subject matter jurisdiction under 15 U.S.C.A. § 1121 and 28 U.S.C.A. §§ 1331, 1332, 1338, 2201 and 2202.

5.      In filing the Complaint and the First Amended Complaint ("FAC") in this Court, Dubliner DC has waived any objection as to these Counterclaims.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## FIRST COUNTERCLAIM

### (Declaratory Judgement of Cancellation of U.S. Reg. No. 5,207,267)

7.      Counterclaim-Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, as if fully set forth herein.

8.      An actual controversy has arisen and now exists between Counterclaim-Plaintiffs and Dubliner DC, in that Dubliner DC has alleged, in its FAC, that its trademark rights as

evidenced by its U.S. Registration No. 5,207,267 (the "'267 Registration") have been or are being infringed by Counterclaim-Plaintiffs.

9.      In connection with another proceeding before the Trademark Trial and Appeal Board ("TTAB"), captioned *Dubliner, Inc. v. Irish Dairy Bd. Co-Op. Ltd*., Opposition No. 91164315 (the "Opposition Action"), Dubliner DC was presented with evidence of the prior use of and third-party rights in the AULD DUBLINER mark in connection with Irish pubs located in, at least, Long Beach, California and Denver, Colorado.  The various evidence of prior use is dated April 17, 2004 and March 17, 2005, and Dubliner DC learned of such evidence by at least as of April 17, 2006, when such evidence of use was attached to a filing submitted in connection with the Opposition Action.  *See, e.g.,* Opposition Action, Applicant's Notice of Reliance Under Trademark Rule 2.122(e) at Exs. 14 & 35.  Dubliner DC's correspondent attorney of record for that cancellation action was Joseph D. Lewis ("Mr. Lewis"), who was (and is) associated with the law firm of Barnes & Thornburg LLP ("B&T").  Further, in its August 30, 2007 written decision in connection with the Opposition Action, the TTAB recognized at least one of these prior uses.

10.      Thus, as of at least April 17, 2006, Dubliner DC and its attorneys were on constructive and/or actual notice of the prior use of and third-party rights in the AULD DUBLINER mark in connection with Irish-themed bars and restaurants in the United States that served, at least, beer and ale.

11.      On or about November 9, 2015, Dubliner DC submitted an application with the U.S. Patent and Trademark Office ("PTO") to federally register the mark AULD DUBLINER (in standard character form) in connection with "ale, beer" under Appl. Serial No. 86/814,322.  That

application ultimately matured to registration under U.S. Trademark No. 5,207,267 (the "'267 Registration").

12.     In connection with the application that resulted in the '267 Registration, on or about November 9, 2015, Dubliner DC's attorney, Mr. Lewis, signed and submitted a declaration, under 15 U.S.C. § 1051(a), in which he swore that "to the best of [Mr. Lewis'] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark [*i.e.,* AULD DUBLINER] in commerce, either in the identical form or in such near resemblance as to be likely, when used in connection with the goods/services of such other persons, cause confusion, or mistake, or to deceive" (the "Representation").

13.     As explained above, at least by April 17, 2006, Dubliner DC and its counsel, Mr. Lewis, were aware of evidence of use of and third-party rights in the AULD DUBLINER mark in connection with at least two bars or establishments in the United States that served, at least, beer and ale.

14.     Thus, in making the Representation, which is required as a precondition to registration and thus is material to the issuance of all registrations, Mr. Lewis/Dubliner DC knowingly and intentionally misrepresented a material fact in connection with the application for the AULD DUBLINER mark.  Further, Mr. Lewis/Dubliner DC made the Representation with the intent to deceive and/or induce the PTO to act in reliance on it and accept the pending trademark application.

15.     Based on, among other things, Mr. Lewis's Representation, on behalf of Dubliner DC, in his sworn declaration, the PTO granted the '267 Registration on May 23, 2017.  The PTO was therefore deceived and/or improperly induced into registering the AULD DUBLINER mark as the '267 Registration.

16.     The '267 Registration should be cancelled, pursuant to 15 U.S.C. §§ 1064 and 1119, by virtue of the fraud perpetuated on the PTO during the prosecution of the application that led to the '267 Registration.

## SECOND COUNTERCLAIM

### (Declaratory Judgement of Cancellation of U.S. Reg. No. 5,045,911)

17.     Counterclaim-Plaintiffs repeat and realleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

18.     An actual controversy has arisen and now exists between Counterclaim-Plaintiffs and Dubliner DC, in that Dubliner DC has alleged, in its FAC, that its rights as evidenced by its U.S. Registration No. 5,045,911 (the "'911 Registration") have been or are being infringed by Counterclaim-Plaintiffs.

19.     In connection with the Opposition Action before the TTAB, Dubliner DC was presented with evidence of the prior use of and third-party rights in THE DUBLINER or DUBLINER marks in connection with Irish pubs in several locales throughout the United States. The various evidence of prior use are dated March 11, 2004, June 3, 1999, March 12, 2006, October 27, 1996, March 17, 2006, October 23, 1992, January 20, 2006, February 5, 1999, March 16, 2006, March 3, 2006, June 15, 2005, March 19, 2006, March 1, 2003, January 31, 1990, March 17, 2006, May 5, 1994, November 24, 2000, March 16, 2006, November 12, 1997, March 17, 2006, December 3, 2002, March 16, 2006, March 18, 1995, December 10, 2005, June 17, 2003, March 17, 2006, March 17, 1989, March 18, 2004, October 3, 1995, May 31, 2002, November 2005, March 17, 2006, September 1, 2005, March 20, 2005, March 10, 2005, November 15, 2002, November 13, 2002, September 29, 2002, October 26, 2001, May 16, 1996,

March 23, 1990, April 11, 2003, March 2, 2005, March 1, 2000, March 14, 2000, November 4, 2002, July 6, 2005, and February 2005.

20.     Dubliner DC learned of such evidence by at least as of April 17, 2006, when such evidence of use was attached to a filing submitted in connection with the Opposition Action. *See, e.g.,* Opposition Action, Applicant's Notice of Reliance Under Trademark Rule 2.122(e) at Exs. 5-13, 15-34 & 36-54.  Further, in its August 30, 2007 decision in connection the Opposition Action, the TTAB recognized at least some of these prior uses.

21.     Dubliner DC's counsel of record in the Opposition Action was Mr. Lewis of B&T.  Thus, as of at least April 17, 2006, Dubliner DC and its attorneys were on constructive and/or actual notice of the prior uses of and third-party rights in THE DUBLINER and DUBLINER marks in connection with Irish-themed bars and restaurants in numerous locations throughout the United States, that served, at least, spirits.

22.     On or about November 8, 2013, Dubliner DC submitted an application with the PTO to register THE DUBLINER (standard character mark) for "distilled spirits; liqueurs, spirits; whiskey" under Serial No. 86/114,415.  That application was ultimately accepted and became U.S. Trademark No. 5,045,911 (the "'911 Registration").

23.     In connection with that application, on or about November 8, 2013, Dubliner DC's attorney, Mr. Lewis, signed and submitted a declaration, under 15 U.S.C. § 1051(b), in which he made the Representation on behalf of Dubliner DC.

24.     In addition, at the time the aforementioned application was filed, Dubliner DC stated its "intent to use" the aforementioned mark in commerce, rather than submitting evidence of actual use in commerce.  Dubliner DC then filed four "Statement of Use" deadline

extension requests (on November 25, 2014, April 24, 2015, September 25, 2015, and May 18, 2016).  In each request, Mr. Lewis made the Representation on behalf of Dubliner DC.

25.     Dubliner DC submitted a "Statement of Use" in connection with its application for THE DUBLINER mark that resulted in the '911 Registration on July 31, 2016.  As part of that Statement of Use Mr. Lewis/Dubliner DC made the Representation.

26.     As explained above, at least by April 17, 2006, Dubliner DC and its counsel (Mr. Lewis and B&T) were aware of evidence of use of THE DUBLINER and DUBLINER marks in connection with numerous bars or establishments in the United States that served, at least, distilled spirits.

27.     As explained above, by making the Representations (in the aforementioned application, in each of its four requests for Statement of Use deadline extensions, and in the July 31, 2016 Statement of Use), which are required as a precondition to registration and thus are material to the issuance of all registrations, Mr. Lewis/Dubliner DC knowingly and intentionally and/or deceitfully misrepresented material facts in connection with the application for THE DUBLINER mark.  Further, Mr. Lewis/Dubliner DC made the Representations with the intent to deceive and/or induce the PTO to act in reliance on them and accept the pending trademark application.  Mr. Lewis/Dubliner DC made the Representation in each instance with the intent of deceiving and/or inducing the PTO to act in reliance on such Representation.

28.     Based on, among other things, Mr. Lewis' Representations on behalf of Dubliner DC in the initial application declaration, in the four separate requests for Statement of Use filing deadline extensions, and in the Statement of Use, the PTO granted the '911 Registration on September 20, 2016.  The PTO was therefore deceived and/or improperly induced into registering the DUBLINER mark under the '911 Registration.

29.     The '911 Registration should be cancelled, pursuant to 15 U.S.C. §§ 1064 and 1119, by virtue of the fraud perpetuated on the PTO during the prosecution of the application that led to the '911 Registration.

### THIRD COUNTERCLAIM

**(Declaratory Judgement of Partial Cancellation of U.S. Reg. No. 5,045,229)**

30.     Counterclaim-Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, as if fully set forth herein.

31.     An actual controversy has arisen and now exists between Counterclaim-Plaintiffs and Dubliner DC, in that Dubliner DC has alleged, in its FAC, that its rights as evidenced by its U.S. Registration No. 2,724,229 (the "'229 Registration") have been or are being infringed by Counterclaim-Plaintiffs.

32.     On or about April 30, 2002, Dubliner DC submitted an application with the PTO to register DUBLINER (standard character mark) in connection with, among other things, "beer and ale" goods and services.  In connection with that application, Dubliner DC submitted, among other things, a specimen of use that appears to be a photo of draught beer tap that used the word "DUBLINER":



33.     Based, at least in part, on Dubliner DC's representation and its specimen as to use

of the DUBLINER mark in connection with "beer; ale," the PTO, on or about June 10, 2003,

issued the '229 Registration and listed "beer; ale" as covered "goods or services."

34.     On or about June 10, 2009, Dubliner DC filed a Section 8 Declaration of Use that,

among other things, included the same specimen as depicted above (i.e., the draught beer tap).

The PTO accepted that declaration on or about June 15, 2009.  Then, on or about June 7, 2013,

Dubliner DC filed a Sections 8 & 9 Combined Declaration of Use/Application for Renewal of

Registration, which also included the aforementioned specimen of a draught beer tap.  The PTO

accepted that declaration on or about June 24, 2013.

35.     On or about January 1, 2023, Dubliner DC filed a Section 15 Declaration of

Incontestability.  In that declaration, Dubliner DC's attorney, Christopher Dolan (an attorney

with B&T) swore, under 15 U.S.C. § 1051(a), that Dubliner DC "is still using the mark [i.e.,

DUBLINER] in connection with **all** goods services, or to indicate membership in the collective

membership organization listed in the existing registration for this class:  Beer and ale."

(emphasis in original).  There are other, similar, sworn statements in the Section 15 Declaration.

Dubliner DC did not file a "specimen," or any other evidence, with the Section 15 Declaration to

support Mr. Dolan's sworn statement that, as of January 10, 2023, Dubliner DC was "still using"

the '229 Registration in commerce in connection with "beer; ale."

36.     Upon information and belief, Mr. Dolan's statement about use of the '229

Registration in connection with "beer; ale" was false and/or misleading.   A review of Dubliner

DC's website, captured on or about January 9, 2023 by the "Wayback Machine," does not

identify any "beer or ale" with the DUBLINER mark (let alone the "Dubliner Irish Lager"

depicted in the above-identified draught beer tap).  Rather, under the "draft" section of the beer

menu, it identifies "Auld Dubliner Amber Ale by DC Brau" as being offered for sale.  Further,

that website contains a photograph of what appears to be all of the draught beer taps in Dubliner

DC.   Based on the photograph, it does not appear that the above-depicted DUBLINER beer tap

is in the bar (or that there is any other beer tap using the mark DUBLINER.



37.     Further, the Exhibit B attached to the Complaint (but not to the FAC), purports to

be a capture of Dubliner DC's website as of March 23, 2023.  That website capture also contains

a list of beers that Dubliner DC served (at least as of that date).  The list (again) includes "Auld Dubliner Amber Ale," but does not <u>also</u> list any "beer or ale" using the DUBLINER mark (i.e., in accordance with the '229 Registration).

38.     In addition, as explained above, on or about December 2015, Dubliner DC filed an application for the '267 Registration (for AULD DUBLINER) in connection with "ale, beer." Accompanying that application was a specimen of use, which contained Dubliner DC's beer menu.  Although that menu listed "Auld Dubliner Amber Ale," it did not <u>also</u> list any "beer or ale" using the DUBLINER mark (i.e., in accordance with the '229 Registration).

39.     Thus, upon information and belief, the statement Mr. Dolan/Dubliner DC made, in the January 10, 2023 Section 15 Declaration regarding use of the '229 Registration in connection with "beer; ale" was knowingly and intentionally false.  It was also made with the intent to deceive, mislead, and/or improperly induce the PTO with respect to the scope of the '229 Registration.

40.     The '229 Registration should be partially cancelled, pursuant to 15 U.S.C. §§ 1064 and 1119, to remove the "beer; ale" from the covered goods and services, by virtue of the fraud perpetuated on the PTO by Mr. Dolan/Dubliner DC's knowing and intentional misrepresentation of a material fact in connection with, at least, the Section 15 Declaration for the '229 Registration.

## FOURTH COUNTERCLAIM

### (Declaratory Judgement of Partial Cancellation of U.S. Reg. No. 5,045,229)

41.     Counterclaim-Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, as if fully set forth herein.

42.     An actual controversy has arisen and now exists between Counterclaim-Plaintiffs and Dubliner DC, in that Dubliner DC has alleged, in its FAC, that its rights as evidenced by its '229 Registration have been or are being infringed by Counterclaim-Plaintiffs.

43.     As explained above, upon information and belief, Dubliner DC is not using the mark DUBLINER in the '229 Registration as a trademark to identify "beer; ale," ceased use of the mark DUBLINER to identify "beer; ale" at least three years ago without resumption, and – whenever use of the mark DUBLINER to identity "beer; ale" was ceased – was accompanied by Dubliner DC's intention not to use such mark to identify "beer; ale."

44.     The '229 Registration should be partially cancelled, pursuant to 15 U.S.C. § 1127, to no longer cover the use of such registration in connection with "beer; ale."

## JURY DEMAND

Defendants/Counterclaim-Plaintiffs hereby request a jury on all claims triable by a jury.

**WHEREFORE**, Defendants/Counterclaim-Plaintiffs respectfully requests that this Court:

1.     Enter judgment in favor of Defendants on all of Plaintiff's claims and dismiss the FAC with prejudice;

2.     Enter judgment in favor of Counterclaim-Plaintiffs and against Counterclaim-Defendant on Counts I-IV of the Counterclaim-Plaintiffs' Counterclaim and exercise power under 15 U.S.C. § 1119 to order the Commissioner of Patents and Trademarks to cancel U.S. Trademark Registration Nos. 5,045,911 and 5,207,267, partially cancel U.S. Trademark Registration No. 5,045,229 (to exclude "beer; ale" as a good or service) as well as any related registrations owned by Counterclaim-Defendant.

3.      Award Defendants/Counterclaim-Plaintiffs their attorneys' fees, costs, and

expenses, and

4.      Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

EAST COAST TAVERN GROUP, INC. AND
INISHOWEN, INC.

By their attorneys,


*/s/ Benjamin M. Stern*
Benjamin M. Stern (BBO# 646778)
bstern@nutter.com
Patrick J. Concannon (BBO# 643673)
pconcannon@nutter.com
Andrew E. Farrington (BBO# 709148)
afarrington@nutter.com
Nutter, McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone:    (617) 439-2000
Facsimile:    (617) 310-9000


Dated:  June 19, 2023

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 19, 2023, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew Farrington*
Andrew Farrington

5949803