UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUBLINER, INC., <br><br>        Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> EAST COAST TAVERN GROUP, INC. and INISHOWEN INC., <br><br>        Defendants/Counterclaim-Plaintiffs. | Case No. 1:23-cv-10567-JGD |

**JOINT STATEMENT AND PROPOSED SCHEDULING ORDER**

Pursuant to the Notice of Scheduling Conference, Federal Rule of Civil Procedure 26(f), and Local Rule 16.1, Dubliner, Inc. ("Plaintiff/Counterclaim Defendant") and East Coast Tavern Group and Inishowen, Inc. (collectively, "Defendants/Counterclaim Plaintiffs") have conferred and submit this Joint Statement and Proposed Scheduling Order in advance of the Scheduling Conference scheduled for July 18, 2023.

**I.   PROPOSED SCHEDULING CONFERENCE AGENDA**

- Pre-trial schedule
- Presumptive limits on depositions

**II.   CONCISE SUMMARY OF EACH PARTY'S POSITION**

    **A.  Plaintiff's Position**

        **i.  Plaintiff's Complaint**

Since 1974, Plaintiff has continuously used the trademark DUBLINER and variations of the mark (collectively, the "DUBLINER Marks") to identify Plaintiff's restaurant and bar services,

1

branded alcoholic beverages, including beers and whiskeys, and other related goods and services (collectively, "Plaintiff's Goods and Services"). Plaintiff's DUBLINER Marks have become inherently distinctive nationwide and are an invaluable symbol of the source of the goods and services Plaintiff offers under the DUBLINER Marks, of the high quality of those goods and services, and of consumer goodwill associated with the Marks. In addition to Plaintiff's extensive common law rights, Plaintiff also holds several U.S. trademark registrations for the DUBLINER Marks. *See, e.g.* Dkt. No. 6 at ¶ 24 (identifying U.S. Trademark Reg.'n Nos. 1,179,613, U.S. Trademark Reg.'n No. 2,724,220, U.S. Trademark Reg.'n No. 5,045,911, U.S. Trademark Reg.'n No. 5,207,627). Three of those registrations—Nos. 1,179,613, 2,724,229, and 5,045,911—have achieved incontestable status pursuant to 15 U.S.C. § 1065. *Id.* at ¶ 25.

In 2022, Defendants adopted the mark THE DUBLINER and variations of the mark (collectively, "Defendants' Marks") as the name of a restaurant and bar Defendants opened and now operate in Boston, Massachusetts and at which Defendants offer goods and services that are identical, nearly identical, and/or closely related to Plaintiff's Goods and Services that Plaintiff markets and sells under its DUBLINER Marks. For example, Defendants use the mark THE DUBLINER in connection with restaurant and bar services, for beer and whiskey offerings, for gift cards, for organizing and providing live music, and for the same ancillary goods and services as Plaintiff. Due to the nearly identical nature of Plaintiff's Goods and Services and Defendant's restaurant and bar being operated under THE DUBLINER, Defendants are marketing and selling their goods and services in trade channels that are the same as Plaintiff's, or that are highly similar thereto, and to consumers that are identical to or that overlap with Plaintiff's consumers.

October 6, 2022, promptly upon learning of Defendants' use of Defendants' Marks, Plaintiff sent Defendants a cease and desist letter notifying them of Plaintiff's prior rights in the

DUBLINER Marks and demanding Defendants' cease their use of Defendants' Marks. Despite its actual and constructive knowledge of Plaintiff's prior rights in the DUBLINER Marks, Defendants refused to cease their use of Plaintiff's DUBLINER Marks. Accordingly, Plaintiff filed the instant litigation on March 14, 2023 and amended its First Amended Complaint on April 20, 2023 to bring the following claims against Defendants: Infringement of Plaintiff's Federally-Registered Trademarks Under 15 U.S.C. § 1114 (Count I), False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a) (Count II), Massachusetts Common Law Trademark Infringement (Count III), Unfair Competition Under Mass. Gen. Laws C. 93A (Count IV), and Common Law Unfair Competition (Count V). Plaintiff seeks, *inter alia,* monetary relief, injunctive relief, destruction and recall of all materials using Defendant's Marks, treble damages, and attorneys' fees and costs.

### i. Defendants' Answer and Counterclaims

On June 19, 2023, Defendants answered Plaintiff's First Amended Complaint and asserted four counterclaims, alleging that Plaintiff committed fraud before the U.S. Patent & Trademark Office ("USPTO") by signing, and filing with the USPTO, false declarations in connection with three of Plaintiff's four Registrations asserted in the litigation against Defendants. (Dkt. No. 7). Defendants seek cancellation, in whole or in part, of the three of Plaintiff's trademark registrations: U.S. Trademark Reg.'n Nos. 5,207,267, 5,045,911, and 5,045,299. On July 10, 2023, Plaintiff moved to dismiss each of these counterclaims for failure to state a claim for fraud. (Dkt. Nos. 17, 18).

### B. Defendants/Counterclaim Plaintiffs' Position

Defendant/Counterclaim Plaintiff, Inishowen, Inc. d/b/a The Dubliner ("Inishowen" or

"Dubliner Boston")[1] owns and operates a single establishment, located at 2 Center Plaza, in Boston, Massachusetts, called "The Dubliner" – which is an Irish-themed bar and restaurant that has live music, food, drinks, and holds private events. It also offers a "weekly traditional Sunday Roast dinner" and catering in the Downtown Boston area. Inishowen is owned by William McCarthy and Oran McGonagle. Mr. McCarthy – who was raised in and still has family in Dublin, Ireland – is a veteran bar owner in Boston, Massachusetts. Mr. McGonagle, who was born in County Donegal, Ireland, has been running operations for Mr. McCarthy's bars and restaurants for over 12 years.

In or about December, 2021, Messrs. McCarthy and McGonagle decided to buy the Kinsale Pub, an Irish-themed bar and restaurant located at 2 Center Plaza, in Boston, Massachusetts, that had then-recently closed as a result of the COVID-19 pandemic. In January 2022, Messrs. McCarthy and McGonagle met Aidan McGee, who is originally from County Donegal, Ireland. Mr. McGee previously worked as a chef in London, including at Michelin-starred restaurants and a gastropub, but relocated to Boston during the COVID-19 pandemic. Mr. McGee became a partner in Dubliner Boston and its Executive Chef. Since its opening in June 2022, Dubliner Boston has received rave reviews.

Mr. McCarthy is a shareholder in Defendant/Counterclaim Plaintiff East Coast Tavern Group, Inc. ("ECTG"), which has several other shareholders (none of whom are affiliated with Dubliner Boston). ECTG offers "back office" services to restaurants and bars in and around Boston, Massachusetts. Dubliner Boston is one such bar/restaurant; it pays ECTG to provide "back office" services, as it would any other third-party vendor. As such, ECTG does not own, operate, or have any financial interest in Dubliner Boston.

---

[1] Inishowen is the name of a peninsula in County Donegal, Ireland.

Plaintiff/Counterclaim Defendant, Dubliner, Inc. ("Dubliner DC") owns and operates an Irish themed bar and restaurant in Washington, D.C, also called "The Dubliner." According to its website (www.dublinerdc.com), Dubliner DC only has one location, namely at 4 F St NW, Washington, DC 20001.

On or about October 6, 2022, Dubliner Boston received a letter from Dubliner DC claiming that it owns federal and common-law trademark rights in three marks, namely a word mark for THE DUBLINER AN IRISH PUB and an associated design, the word mark DUBLINER, and THE DUBLINER (in connection with distilled spirits, etc.).[2] Dubliner DC then claimed that Dubliner Boston was violating these rights by, among other things, operating its single establishment at 2 Center Plaza, in Boston, Massachusetts and by allegedly serving Dubliner DC's brand of Irish whiskey.[3] Dubliner Boston sent a letter in response on or about December 15, 2022, in which it (among other things) pointed out that a DUBLINER mark in connection with Irish-themed restaurant and bar services is weak, that there are numerous other Irish-themed restaurants, bars, and pubs throughout the United States using the same (or similar) DUBLINER mark, and that the logo and usage of Dubliner Boston's marks are commercially distinct from and make different commercial impressions as compared with Dubliner DC's marks. In sum, Dubliner Boston explained that it believed its name "The Dubliner" and the marks used in connection with its Boston, Massachusetts Irish-themed restaurant and bar is unlikely to cause customer confusion with the marks used by Dubliner DC.

Since at least 2006 (and likely earlier) Dubliner DC has been aware of numerous other

---

[2] Plaintiff/Counterclaim Defendant added a fourth trademark, AULD DUBLINER, to this action that was absent from its letter.

[3] Dubliner Boston does not, and has never, served or offered Dubliner DC's "brand of Irish whiskey" (or any type of beverage).

Irish-themed bars and/or restaurants using a DUBLINER mark (or variations thereof) throughout the United States, and that its marks are considered "weak."  At that time, Dubliner DC opposed the registration of and sought cancellation of third-party marks using DUBLINER (in connection with Irish themed food) before the Trademark Trial and Appeal Board (the "TTAB").  During that proceeding, Dubliner DC was presented with a large volume of evidence of the use of the DUBLINER mark (or variations thereof) in connection with Irish themed bars and restaurants throughout the United States.  In dismissing Dubliner DC's claims, the TTAB concluded that Dubliner DC's marks in that proceeding (two of which are also at issue in this case) are "relatively weak" because, among other reasons, "it is not unusual for the term Dubliner to be associated with restaurants, bars and food…" and that "the term 'Dubliner' … is highly suggestive of goods and restaurant services that either originate in Ireland or have an Irish theme."

      Dubliner Boston has denied all of the substantive allegations against it, believes that there is no likelihood of confusion between Irish themed bars and restaurants using different DUBLINER marks that are located hundreds of miles apart (one in Washington, D.C. and the other in Boston, Massachusetts, and others throughout the United States), and that Dubliner DC is trying to appropriate "relatively weak mark[s]" that are "highly suggestive of goods and restaurant services that either originate in Ireland or have an Irish theme" to prevent Dubliner Boston from operating its single location restaurant/bar and serving its Boston-area clientele.

      Dubliner Boston has also brought several declaratory judgment counterclaims to:  (1) cancel two of Dubliner DC's DUBLINER marks in their entirety on the basis of fraud on the U.S. Patent and Trademark Office ("PTO") in light of false and misleading statements Dubliner DC made about the (alleged) lack of others using identical or similar marks; and (2) partially

cancel one other of Dubliner DC's marks because Dubliner DC made false and misleading statements to the PTO about its purported continuous use of the mark in connection with "beer" and "ale" and notwithstanding the fact that it had not been, at the time of the statement (and is no longer), using such mark in connection with "beer" or "ale."

### III.    PENDING MOTIONS

Plaintiff/Counterclaim Defendant filed a Motion to Dismiss Defendant/Counterclaim Plaintiff's Counterclaims on July 10, 2023. (Dkt. Nos. 17, 18), which Defendants/Counterclaim Plaintiffs have just started evaluating.

### IV.    IDENTIFICATION OF DISPOSITIVE ISSUES

According to Plaintiff/Counterclaim Defendant, its Motion to Dismiss will be dispositive of each of Defendant/Counterclaim Plaintiff's Counterclaims.  As mentioned above, Defendants/Counterclaim Plaintiffs are still evaluating that motion.

### V.    LIMITS ON DISCOVERY

The parties propose that the presumptive limits of the Federal Rules of Civil Procedure and this Court's Local Rules, including Local Rule 26.1(b), apply to limit the number document requests and requests for admission, but that the parties agree to 30 interrogatories per side.

Defendants/Counterclaim Plaintiffs propose that the presumptive limit of 10 depositions should not include expert depositions or Fed. R. Civ. P. 45 depositions of third parties because the parties should not have to face a Hobson's Choice of limiting the number of opposing party fact depositions in order to take expert depositions and third-party depositions (there will be a number of third party "trial" depositions).

Plaintiff does not oppose Defendant's request that expert depositions not count towards the 10-deposition limit set forth in the Federal Rules. Plaintiff does, however, oppose Defendant's

request to exclude third-party depositions from the limit. Plaintiff submits that when, and if, Defendant believes it needs to take more than 10 depositions, it should be required to seek leave to Court and justify the need for doing so, rather than being given open-ended permission at the beginning of the case without any demonstrated need.

As noted in the below proposed pretrial schedule, the parties shall also work together to submit a proposed protective order and a proposed ESI order to govern this matter.

VI.     **PROPOSED PRETRIAL SCHEDULE**

   A.     **Protective Order.**  The parties agree to negotiate a proposal for an order governing the exchange and filing of confidential information.  The parties shall jointly submit a proposed order by **August 7, 2023**.  If the parties have disagreements that they cannot resolve with respect to this proposed order, the parties shall submit their competing proposals and a summary of their dispute in a single joint statement by that date.

   B.     **ESI.**  The parties agree to conduct electronic discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  The parties have both instituted standard procedures for the preservation of documents, including electronically stored information ("ESI") on computers, phones, etc.  The parties agree to negotiate a proposal for an order governing e-discovery.  The parties shall jointly submit a proposed order no later than **August 7, 2023**.  If the parties have disagreements that they cannot resolve with respect to this proposed order, the parties shall submit their competing proposals and a summary of their dispute in a single joint statement by that date.

   C.     **Amendments to the Pleadings and Joinder of Parties.**  Unless otherwise permitted for good cause shown, the last day for a party to file a motion for leave to amend its pleadings or join parties shall be **September 29, 2023**.

D.   **Discovery**

   i.   **Rule 26(a) Initial Disclosures.**  Initial disclosure statements pursuant to Rule 26(a)(1)(A) shall be made no later than **August 1, 2023**.

   ii.  **Fact Discovery**.  All fact discovery shall be completed by **April 5, 2024**.  Accordingly, all written discovery (requests for production, interrogatories, and requests for admission) shall be served no later than **March 6, 2024**.

   iii. **Expert Discovery**.

   a.  **Expert Reports**.  Reports from any experts under Rule 26(a)(2) will be due from the party bearing the burden on a particular issue on **May 10, 2024**.  Reports from rebuttal experts shall be due **June 14, 2024**.

   b.  **Close of Expert Discovery**.  All expert discovery is to be completed by **July 10, 2024**.

   iv.  **Motions**.

   a.  **Non-Dispositive Motions**.  Except for good cause shown, motions to compel discovery, motions for protective order, motions to quash, motions to strike discovery responses, and similar motions shall be filed no later than fourteen (14) days after the close of fact discovery or expert discovery, whichever deadline is relevant.  If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

   b.  **Dispositive and *Daubert* Motions**.  Dispositive motions as well as motions to exclude under Federal Rule of Evidence 702 and *Daubert v.*

9

*Merrell Dow Pharms, Inc.* shall be filed no later than **July 26, 2024**.

## VII. SERVICE OF DOCUMENTS

The parties agree that communications between and among them, including correspondence, notifications required by any Protective Order, and service of all documents not filed via ECF or filed under seal, may occur by email. The parties stipulate that, for documents that must be served on the other party but need not be filed with the Court, such document shall be deemed timely if served by 11:59 p.m. Eastern Time on the deadline for such service, and further agree, pursuant to Fed. R. Civ. P. 26(c), that if such document is served via email, three days will not be added to calculating the deadline for any response. Pursuant to Local Rule 5.4, documents filed with the Court via ECF on the due date for filing such documents must be filed by 6:00 p.m. to be considered timely filed.

## VIII. L.R. 16.1 CERTIFICATIONS

Certifications pursuant to L.R. 16.1(d)(3) will be filed by the parties separately.

## IX. SETTLEMENT PROPOSALS/ALTERNATIVE DISPUTE RESOLUTION

Plaintiff/Counterclaim Defendant sent Defendants/Counterclaim Plaintiff a written settlement proposal on November 3, 2022 but it was rejected. Defendants/Counterclaim Plaintiff did not provide a counterproposal. During the meet-and-confer for this Joint Statement, Defendants/Counterclaim Plaintiff stated that they are open to considering alternative dispute resolution, including mediation.

Respectfully submitted,

| DUBLINER, INC., | EAST COAST TAVERN GROUP, INC. & INISHOWEN, INC. |
|---|---|
| By its attorneys, | By their attorneys, |
| /s/ *Megan M. New* | /s/*Benjamin M. Stern* |
| Heather B. Repicky (BBO # 663347) | Benjamin M. Stern (BBO# 646778) |
| BARNES & THORNBURG LLP | bstern@nutter.com |
| One Marina Park Drive, Suite 1530 | Patrick J. Concannon (BBO# 643673) |
| Boston, MA 02210 | pconcannon@nutter.com |
| Tel: (617) 316-5310 | Andrew E. Farrington (BBO# 709148) |
| Fax: (617) 316-5311 | afarrington@nutter.com |
| hrepicky@btlaw.com | Nutter, McClennen & Fish, LLP |
| | Seaport West, 155 Seaport Blvd. |
| John Gabrielides (*pro hac vice*) | Boston, Massachusetts 02210 |
| Megan M. New (*pro hac vice*) | Telephone:   (617) 439-2000 |
| Cony Rosas (*pro hac vice*) | Facsimile:     (617) 310-9000 |
| BARNES & THORNBURG LLP | |
| One N. Wacker Drive, Suite 4400 | |
| Chicago, IL 60606 | |
| Tel: (312) 357-1313 | |
| Fax: (312) 357-5646 | |
| jgabrielides@btlaw.com | |
| mnew@btlaw.com | |
| crosas@btlaw.com | |

Dated:  July 11, 2023

## CERTIFICATE OF SERVICE

I certify that on July 11, 2023 this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing and, if not so registered, that paper copies will be emailed to such parties or their counsel.

/s/ *Megan M. New*