**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DUBLINER, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>EAST COAST TAVERN GROUP, INC. and<br>INISHOWEN INC.,<br><br>       Defendants. | Case No. 1:23-cv-10567-JGD |

## <u>JOINT STATUS REPORT</u>

Pursuant to the Court's Scheduling Order (Dkt. No. 27), Dubliner, Inc. ("Plaintiff") and East Coast Tavern Group and Inishowen, Inc. (collectively, "Defendants") have conferred and submit this Joint Status Report in advance of the status conference scheduled for February 22, 2024.

## I.      STATUS OF THE CASE

Plaintiff filed its First Amended Complaint on April 20, 2023.[1]  (Dkt. No. 6).  Defendants filed their Answer and First Amended Counterclaims on July 31, 2023, asserting counterclaims for (1) a declaratory judgment of partial cancellation of Plaintiff's U.S. Trademark Registration No. 2,724,229, and (2) a declaratory judgment of partial cancellation of Plaintiff's U.S. Trademark Registration No. 5,045,229 (Dkt. No. 29).  On August 14, 2023, Plaintiff moved to dismiss Defendants' amended counterclaims for failure to state a claim.  (Dkt. No. 37).  On October 26, 2023, the Court held a hearing on Plaintiff's motion.  (Dkt. Nos. 44, 45).  Following supplemental briefing from the parties (Dkt. Nos. 46, 47), the Court, on December 13, 2023, allowed Plaintiff's

---

[1]      The Complaint was filed on March 14, 2023 (Dkt. No. 1), but was never served on Defendants.

motion to dismiss.  (Dkt. No. 48).

Concurrently with the motion to dismiss briefing and immediately following the Court's order granting Plaintiff's motion, the parties have been diligently working through discovery. Plaintiff served its First Set of Requests for Production and First Set of Interrogatories on Defendants on November 17, 2023.  Defendants served their responses and objections on December 18, 2023.  Defendants served their First Set of Requests for Production and First Set of Interrogatories on December 19, 2023.  By agreement, Plaintiff responded to Defendants' discovery requests on February 1, 2024.  The parties are currently conducting meet-and-confers related to the parties' respective responses and potential supplemental responses to certain of that discovery.

The parties are also in the process of negotiating search terms and logistics for the collection and production of electronically stored documents (which is likely to be the majority of the documents in this case).  Once the parties reach agreement, they expect to begin producing documents on a rolling basis.  Defendants have also engaged in third party discovery, having served 15 document subpoenas to date.  Defendants may serve additional third party document subpoenas.  The parties anticipate that once their respective document productions (and third party document productions) are substantially complete, they will begin fact witness (party and third party) depositions.

Defendants' prior insurance carrier, Accredited Specialty, filed a separate declaratory judgment action seeking a determination whether it is liable for Defendants' defense costs in this case.  *See Accredited Specialty Insurance Co. v. East Coast Tavern Group, Inc. et. al.*, Case No. 1:23-cv-12559-FDS (D. Mass.) (the "Insurance Litigation").  The parties in that case have just submitted a Fed. R. Civ. P. 26(f) Joint Report.  (Insurance Litigation, Dkt. No. 22).  As explained

in that filing, the parties agree that fact discovery is not necessary. *Id*. Instead, Accredited Specialty and Defendants (in this case) intend to file cross-motions for judgment on the pleadings on the legal question of whether Accredited Specialty has a duty to defend Defendants in this action. (*Id*.) Based on the proposed schedule for those cross-motions, which has not yet been adopted by that court, briefing will be complete by June 19, 2024. (*Id*.) The court in the Insurance Action has set a scheduling conference for February 22, 2024.

## II.   SCHEDULING FOR THE REMAINDER OF THE CASE THROUGH TRIAL

On February 14, 2024, the parties filed a Joint Motion to Extend the Schedule (the "Joint Motion"). (Dkt. No. 49) The Joint Motion sets forth several bases for the requested extension. *See id.* The Court granted the Joint Motion on February 15, 2024. (Dkt. No. 50). Accordingly, the current schedule is:

| EVENT | DEADLINE (DKT. NOS. 49, 50) |
|---|---|
| Last day to serve written discovery requests | August 23, 2024 |
| Completion of fact discovery | September 20, 2024 |
| Deadline to file non-dispositive motions relating to fact discovery | 14 days following close of fact discovery |
| Deadline to serve expert reports by the party bearing the burden of proof on an issue | October 18, 2024 |
| Deadline to serve rebuttal expert reports | November 22, 2024 |
| Completion of expert discovery | December 20, 2024 |
| Deadline to file non-dispositive motions relating to expert witness discovery | 14 days following close of expert discovery |
| Deadline to file (i) any dispositive motions and (ii) any motions pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.* | January 13, 2025 |

## III.   THE USE OF ALTERNATIVE DISPUTE RESOLUTION ("ADR") PROGRAMS

**Plaintiff's Position:** The parties have engaged in informal settlement discussions, but those discussions have not been fruitful. At this time, Plaintiff does not believe that ADR would

be beneficial to the parties and would prefer to focus its efforts on discovery.  Plaintiff is open to revisiting the possibility of ADR at a later date.

**Defendants' Position:**  Plaintiff is correct that informal settlement discussions have not been fruitful.  Defendants agree that ADR is not appropriate at this time, would also prefer to focus their efforts on discovery (and the remainder of the case), and similarly are open to revisiting the possibility of ADR at a later date.   As stated in the Joint Motion, Defendants disagree with Plaintiff that resolution, in the Insurance Litigation, of Accredited Specialty's duty to defend will "materially impact Defendants' approach to this litigation, as well as [Defendants'] decision about whether and when to settle the case."

Respectfully submitted,

DUBLINER, INC.,

By its attorneys,

/s/ *Megan M. New*
Heather B. Repicky (BBO # 663347)
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Tel: (617) 316-5310
Fax: (617) 316-5311
hrepicky@btlaw.com

John Gabrielides (*pro hac vice*)
Megan M. New (*pro hac vice*)
Cony Rosas (*pro hac vice*)
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606
Tel: (312) 357-1313
Fax: (312) 357-5646
jgabrielides@btlaw.com
mnew@btlaw.com
crosas@btlaw.com

Dated:  February 19, 2024

EAST COAST TAVERN GROUP, INC. &
INISHOWEN, INC.

By their attorneys,

/s/*Benjamin M. Stern*
Benjamin M. Stern (BBO# 646778)
bstern@nutter.com
Patrick J. Concannon (BBO# 643673)
pconcannon@nutter.com
Ritika Bhakhri (BBO# 703221)
rbhakhri@nutter.com
Nutter, McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone:    (617) 439-2000
Facsimile:      (617) 310-9000

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on February 19, 2024 this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing and, if not so registered, that paper copies will be emailed to such parties or their counsel.

*/s/ Megan M. New*
