UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUBLINER, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>EAST COAST TAVERN GROUP, INC. and INISHOWEN INC.,<br><br>    Defendants. | Case No. 1:23-cv-10567-JGD |

**JOINT STATUS REPORT**

Pursuant to the Court's Scheduling Order (Dkt. No. 53), Dubliner, Inc. ("Plaintiff") and East Coast Tavern Group and Inishowen, Inc. (collectively, "Defendants") have conferred and submit this Joint Status Report in advance of the status conference scheduled for June 4, 2024.

**I. STATUS OF THE CASE**

Plaintiff filed its First Amended Complaint on April 20, 2023. (Dkt. No. 6). Defendants filed their Answer and First Amended Counterclaims on July 31, 2023, asserting counterclaims for (1) a declaratory judgment of partial cancellation of Plaintiff's U.S. Trademark Registration No. 2,724,229, and (2) a declaratory judgment of partial cancellation of Plaintiff's U.S. Trademark Registration No. 5,045,229 (Dkt. No. 29). On August 14, 2023, Plaintiff moved to dismiss Defendants' amended counterclaims for failure to state a claim. (Dkt. No. 37). On October 26, 2023, the Court held a hearing on Plaintiff's motion. (Dkt. Nos. 44, 45). Following supplemental briefing from the parties (Dkt. Nos. 46, 47), the Court, on December 13, 2023, allowed Plaintiff's motion to dismiss. (Dkt. No. 48).

Concurrently with the motion to dismiss briefing and immediately following the Court's

1

order granting Plaintiff's motion, the parties have been diligently working through discovery, providing written discovery responses and producing documents.  (*See* Dkt. 51 (setting forth discovery efforts through February 19, 2024)).  Plaintiff served Supplemental Responses to Defendants' First Set of Interrogatories on March 8, 2024 and additional Supplemental Responses to Defendants' First Set of Interrogatories on April 12, 2024.  On May 29, 2024, Defendants served on Plaintiff a second set of interrogatories.  Plaintiff and Defendants have been producing non-email documents, and Defendants have also been producing documents they have received in response to third-party subpoenas that they have issued (and will continue to do so).

The parties agree that it is most efficient to have non-email document production (which is ongoing) precede email document production.  The parties are continuing to work together to negotiate search terms to run across email accounts for certain custodians.  One obstacle is the difficulty, under the circumstances of this case, of devising search terms/strings that capture relevant emails but are not so broad as to sweep in virtually all of a custodian's emails.  Arriving at an appropriate and agreed-to balance requires iterative proposals (one party proposes searches, the other runs proposed searches, and the parties discuss the number and type of "hits").  This takes time.  However, the parties expect that once they reach agreement as to custodians (likely a small number) and search terms (likely complex search strings), the mechanics of the email productions should proceed smoothly and on a rolling basis.

The parties anticipate that once their respective document productions (and third-party document productions) are substantially complete, they will begin fact witness (party and third party) depositions.

**II.   SCHEDULING FOR THE REMAINDER OF THE CASE THROUGH TRIAL**

On February 14, 2024, the parties filed a Joint Motion to Extend the Schedule (the "Joint

Motion"). (Dkt. No. 49). The Court granted the Joint Motion on February 15, 2024. (Dkt. No. 50). Given that the parties are still actively engaging in discovery and have not yet scheduled depositions, the parties request an additional two months to ensure that all discovery issues can be addressed. Accordingly, the parties request the following schedule, which will also be set out in the parties' forthcoming Joint Motion to Extend the Schedule:

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Last day to serve written discovery requests | August 23, 2024 | October 25, 2024 |
| Completion of fact discovery | September 20, 2024 | November 22, 2024 |
| Deadline to file non-dispositive motions relating to fact discovery | 14 days following close of fact discovery | 14 days following close of fact discovery |
| Deadline to serve expert reports by the party bearing the burden of proof on an issue | October 18, 2024 | December 20, 2024 |
| Deadline to serve rebuttal expert reports | November 22, 2024 | January 31, 2025 |
| Completion of expert discovery | December 20, 2024 | February 28, 2025 |
| Deadline to file non-dispositive motions relating to expert witness discovery | 14 days following close of expert discovery | 14 days following close of expert discovery |
| Deadline to file (i) any dispositive motions and (ii) any motions pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.* | January 13, 2025 | April 18, 2025 |

**III.    THE USE OF ALTERNATIVE DISPUTE RESOLUTION ("ADR") PROGRAMS**

On April 30, 2024, Plaintiff sent Defendants and their insurer a letter regarding settlement, setting forth what Plaintiff believes are the strengths of its case and suggesting that the parties conduct a settlement meeting prior to the parties expending additional resources on litigation. Defendants, and their insurer, evaluated that letter and the parties had a series of email and phone conversations. Given the parties' differing views of the merits of the case and what a mutually satisfactory resolution could look like, neither Plaintiff nor Defendants believe that ADR would

be beneficial at this time.  The parties both prefer to focus their efforts on discovery.  The parties, however, are open to revisiting the possibility of ADR at a later date.

Respectfully submitted,

| DUBLINER, INC., | EAST COAST TAVERN GROUP, INC. & INISHOWEN, INC. |
|---|---|
| By its attorneys, | By their attorneys, |
| */s/ Megan M. New* | */s/ Benjamin M. Stern* |
| Heather B. Repicky (BBO # 663347) | Benjamin M. Stern (BBO# 646778) |
| BARNES & THORNBURG LLP | bstern@nutter.com |
| One Marina Park Drive, Suite 1530 | Patrick J. Concannon (BBO# 643673) |
| Boston, MA 02210 | pconcannon@nutter.com |
| Tel: (617) 316-5310 | Ritika Bhakhri (BBO# 703221) |
| Fax: (617) 316-5311 | rbhakhri@nutter.com |
| hrepicky@btlaw.com | Nutter, McClennen & Fish, LLP |
|  | Seaport West, 155 Seaport Blvd. |
| John Gabrielides (*pro hac vice*) | Boston, Massachusetts 02210 |
| Megan M. New (*pro hac vice*) | Telephone:   (617) 439-2000 |
| Cony Rosas (*pro hac vice*) | Facsimile:       (617) 310-9000 |
| BARNES & THORNBURG LLP |  |
| One N. Wacker Drive, Suite 4400 |  |
| Chicago, IL 60606 |  |
| Tel: (312) 357-1313 |  |
| Fax: (312) 357-5646 |  |
| jgabrielides@btlaw.com |  |
| mnew@btlaw.com |  |
| crosas@btlaw.com |  |

Dated: May 30, 2024

## **CERTIFICATE OF SERVICE**

      I certify that on May 30, 2024 this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing and, if not so registered, that paper copies will be emailed to such parties or their counsel.

      */s/ Megan M. New*