UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DUBLINER, INC.,

       Plaintiff,

v.

EAST COAST TAVERN GROUP, INC. and
INISHOWEN, INC.,

       Defendants.

Case No. 1:23-cv-10567

**DECLARATION OF DOUG BANIA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN OPINIONS OF DEFENDNATS' EXPERT DOUG BANIA**

I, Doug Bania, state as follows:

1. I am the founding principal of Nevium, a consulting company specializing in analyzing and valuing intangible assets and intellectual properties, such as trademarks and copyrights.

2. I have 23 years of experience analyzing and valuing trademarks and other intellectual property, both as an expert witness in litigation and in business transactions.

3. I have provided expert opinions in over 130 cases, been deposed 38 times, and testified at trial 10 times about trademarks or other intellectual property.

4. I am a member of International Trademark Association ("INTA") and, specifically, INTA's Trademark Reporter Committee. I am also a member the American Bar Association's Section of Intellectual Property Law, among other professional associations.

5. In connection with this work, one of my areas of expertise is analyzing internet data, information, and analytics (such as website analytics, keyword data, web advertising, and

social media presence) to evaluate consumers' purchasing decisions and behavior in trademark infringement cases.

6. I authored the chapter for *The Comprehensive Guide to Economic Damages*, Volume Two, titled "Using Internet Analytic Tools for Valuation and Damages Calculations in Internet IP Infringement and Defamation Cases." A true and accurate copy of that chapter is attached as Ex. 1 to this declaration.

7. I also authored an article published in the Journal of Patent and Trademark Office Society, Volume 104, titled "Causation and Keywords: A Case Study on the Use of Online Analytics Tools in Litigation." A true and accurate copy of that article is attached as Ex. 2 to this declaration.

8. I also authored an article published in the International Journal of Law and Public Administration, Volume 1, No. 2, titled "Can Trademark Infringement be a Victimless Crime? The Stone Creek v. Omnia Case." A true and accurate copy of that article is attached as Ex. 3.

9. I consider myself to be industry agnostic. My work in intellectual property, including in connection with my expert opinions and engagements outside of litigation, includes gathering, collecting, and understanding various internet and social media analytic tools and related investigations to understand how consumers are engaging with material on the internet and social media. This work has spanned diverse industries, from the defamation case involving Johnny Depp and Amber Heard, to food and beverage, health care, to sneakers.

10. I have previously offered opinions about trademark infringement, trademark damages, and considerations that a jury should evaluate in weighing the likelihood of confusion between two trademarks. The following is a non-exhaustive list of illustrative cases:

- *Edison Brewing Co. LLC v. Gourmet Fresh LLC*, Case No. 2:21-cv-00876-EAS-CMV (S.D. Ohio) (*see* expert report at ECF No. 73-16): opined on the business operations of

the parties to determine whether they offer competing services in the brewery/event space industry to an overlapping customer population (2022);

- *Andy's Frozen Custard, Inc. and Andy's Frozen Custard Franchising, LLC v. Naeger*, Case No. 2:20-cv-04258-MDH (W.D. Missouri): retained as expert to give opinion about likelihood of confusion using the *SquirtCo* Factors in trademark infringement case about frozen custard and pizza restaurants (2021);

- *Sandro Nardone v. Ital Pizza, Inc.*, Case No.: 30-2016-00884748-CU-BT-CJC (Sup. Ct. Cal.): provided opinion/retained as an expert to provide opinion about trademark damages in dispute between pizza companies, including claim for "trade name infringement" (2021);

- *Bluebeam, Inc. v Office Solutions Bus. Products & Services LLC*, Case No. 2:19-cv-06412-ODW-AGR (C.D.Ca.):[1] applied the Ninth Circuit's equivalent of the *Pignons* factors (the *DuPont* factors), to determine if two companies could coexist in commerce in a trademark infringement case concerning marks used in the design industry (2019);

- *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, Case No. CV-13-00688-PHX-DLR (D. Ariz.): opined in trademark infringement case that furniture designer who admittedly infringed plaintiff's mark did not cause the plaintiff economic damages (2015);

- *Mend Health, Inc., v. Carbon Health Technologies, Inc.*, Case No. 2:21-cv-06142 AB (MRWx) (C.D.Ca.) (*see* expert report at ECF No. 86-31): opined about defendant's use of plaintiff's mark online and in traditional media in a trademark infringement case about urgent care facilities (2023);

- *Glob. Apogee v. Sugarfina, Inc.*, Case No. 2:18-cv-05162 RSWL (Ex) (C.D. Ca.) (*see* expert report at ECF No. 155-9): opining on trademark damages and Google search analysis in a case about candy companies (2023); and

- *Reebok International LTD. v. Autry International S.r.l*, Case No. 1:23-cv-10966-RGS (D. Mass.): opining on trademark and trade dress damages for two competing sneaker brands (2024).

11. My non-litigation work includes advising clients on how to leverage brands and trademarks in their marketing strategies to influence consumer purchasing decisions.

12. I have also consulted clients, outside of the litigation context, about brands and trademarks in the food industry.

---

[1] I inadvertently omitted the *Bluebeam* case from the version of my CV that is attached to my expert report in this case.

3

13.     For example, I have worked with a national company in the butcher and deli industry to analyze the brand's intellectual property portfolio, assess the company's marketing and search engine optimization strategies, and analyze the brand's customer loyalty, history, awareness, distinction, and other factors to determine the strengths and weaknesses of the brand's assets, including trademarks. I have also worked with a major condiment company to evaluate the impact a brand name has on consumer perception and acceptance of a new line of products being considered.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge. Executed in San Diego, California on this May 5, 2025.

_____
Doug Bania

7229392